UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ALLAN S. VIERLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.: 1:11-CV-402-TLS |
| v. | ) | |
| | ) | |
| TIM TROYER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Allan S. Vierling, a prisoner proceeding pro se, submitted a Prisoner Complaint under 42 U.S.C. § 1983 [ECF No. 1]. Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In determining whether the complaint states a claim, the Court must bear in mind that "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted).

Vierling, a pretrial detainee at the Steuben County Jail, first claims that he was denied "unrestricted confidential access to the courts." (Compl. 3.) Specifically, he claims that on November 8, 2011, he submitted a written request to go to the law library, and was told by the Jail Commander, Captain Cisco Ortiz, that the law library was only available "to inmates representing themselves in Steuben Co. cases." (*Id.*) Vierling states that he wanted to do research in connection with a "pending case in Branch Co. MI" and "to research U.S.C. 1983 complaint for the numerous and ongoing civil rights violations that have been occurring to me for over 10 months in the Steuben Co. Jail." (*Id.*)

Although inmates have a First Amendment right of access to the courts, there is no "abstract free-standing right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Thus, to state a claim an inmate must "spell out" the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious challenge to his conviction, sentence, or the conditions under which he is being housed. *Id.*

Here, Vierling does not describe the nature of the case pending in Michigan for the Court to determine whether it involved a potentially meritorious challenge to his conviction, sentence, or prison conditions, nor does he describe any manner in which he was prejudiced in connection

with that case. As for his research in connection with alleged constitutional violations occurring at the jail, Vierling is presently pursuing this action under 42 U.S.C. § 1983, and he has not otherwise described the loss of a potentially meritorious cause of action or other prejudice that resulted from Captain Ortiz's refusal to let him to go the law library. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (prisoner's invocation of judicial process through present lawsuit "indicates that the prison has not infringed his First Amendment right to petition the government for redress of grievances"). Accordingly, Vierling's access-to-the-courts claim will be dismissed.

Vierling next claims that he has been denied adequate medical care. Specifically, he claims that around the first week of February 2011 he noticed "a growth on my neck and a growth on my left thumb." (Compl. 3.) He filled out a request for medical care, and according to the complaint, "a visit to unknown doctor #1, in the Steuben Co. Jail, was arranged." (*Id.*) Instead of examining him, however, Vierling claims the doctor "simply looked at me, he didn't touch me, he didn't ask any questions, he said 'Yep you got a bump' and 'Ok that's it I'm done.'" (*Id.*) He states that this doctor "made no diagnosis nor issued any treatment for the growths." (*Id.*) In March 2011, he filled out another request for medical care. He claims that by this time the growth on his neck was causing headaches, earaches, neck aches, and sleepiness. (*Id.*) In response to his request, he was seen again by the same doctor, who reportedly told him, "I do not have to do anything for you." (*Id.* at 4.)

Vierling continued to be bothered by the growths, and after requesting medical care a third time he was seen by a second unnamed doctor at the jail in early November 2011. The doctor reportedly told him, "I don't know what you got going on on your neck," and "I don't

know what you have in your thumb." (*Id.*) He states that the doctor did not give him a "conclusive diagnosis," and the Complaint can be read to allege that this doctor did not prescribe any form of treatment. (*Id.*) He asserts that the growth on his neck is still giving him cause for concern, as it is increasing in size and he believes it is causing headaches, neck aches, dizziness, and occasional blurred vision.

Because Vierling is a pretrial detainee, the Fourteenth rather than the Eighth Amendment applies. *Lewis v. Downey*, 581 F.3d 467, 473–74 (7th Cir. 2009). However, the standards that apply are functionally equivalent, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id.* at 475. Under either Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability the prisoner must show: (1) he or she had an objectively serious medical need; and (2) the defendant acted with deliberate indifference to that need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that "a physician has diagnosed as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference is a high standard, and is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations omitted). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she

must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

As recounted above, Vierling alleges that he has growths on his neck and thumb, and that the growth on his neck is causing headaches and blurred vision, among other symptoms. He alleges that he was seen by two different jail doctors, neither of whom provided him with any form of treatment, despite the fact that his condition is worsening. Giving Vierling the inferences to which is he entitled at this stage, he has alleged a deliberate indifference claim against the two unnamed jail doctors.

Vierling additionally names as defendants Captain Ortiz and Sheriff Tim Troyer, but he has not stated a claim against them for the denial of medical care. He claims they had notice of his medical concerns because of grievances he filed, but as non-medical staff members they cannot be sued merely for denying his grievances. *Burks v. Raemisch,* 555 F.3d 592, 595 (7th Cir. 2009). Nor can they be held liable solely by virtue of the fact that they oversee operations at the jail. *Id.* at 594. Furthermore, the Complaint makes clear that Vierling was seen by medical personnel on three occasions in response to his requests for medical care, and these non-medical prison staff members were entitled to defer to the judgment of these doctors. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010); *Burks*, 555 F.3d at 595. Although Vierling alleges that he did not receive proper treatment from the doctors, under 42 U.S.C. § 1983 Captain Ortiz and Sheriff Troyer can only be held liable "for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 595. Accordingly, Vierling will not be permitted to proceed on claims for the denial of medical care against these Defendants.

As a final matter, as indicated above Vierling apparently does not know the identity of the two jail doctors who examined him as he identifies them only as "Unknown Doctor #1" and "Unknown Doctor #2." (Compl. 2.) As a practical matter his case cannot proceed against two unnamed defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). Thus, the Court will order that service be made on the Sheriff for the sole purpose of identifying the two medical defendants through discovery. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996). The Court will set deadlines for Vierling to conduct discovery and to file an amended complaint containing the names of the two doctors, which he must do for this case to proceed. If Vierling can obtain the names of the medical defendants on his own without having to conduct discovery, he may of course do so. However, in either case, if he fails to submit an amended complaint containing their names by the deadline, this action will be dismissed for failure to state a claim against a viable defendant.

For these reasons, the Court:

(1) **GRANTS** the Plaintiff leave to proceed against Tim Troyer for the sole purpose of conducting discovery to identify the two unknown medical defendants who examined him between February and November 2011 for growths on his neck and thumb;

(2) **DISMISSES** Captain Cisco Ortiz;

(3) **DIRECTS** the United States Marshals Service to effect service of process on Tim Troyer;

(4) **ORDERS** Tim Troyer to appear and respond to discovery for the sole purpose of identifying the two unknown medical defendants;

(5) **WAIVES** Tim Troyer's obligation to file an answer to the Complaint;

(6) **DIRECTS** the Clerk to place this cause number on a blank 42 U.S.C. § 1983 Prisoner Complaint form and mail it to the Plaintiff along with a copy of this Order;

(7) **ORDERS** that any discovery by the Plaintiff regarding the identity of the unnamed medical defendants be initiated by **February 17, 2012**;

(8) **ORDERS** the Plaintiff to file an amended complaint on or before **April 13, 2012**, which names the two medical defendants who denied him proper treatment for the growths on his neck and thumb, and presents any and all claims that he is asserting against them; and

(9) **CAUTIONS** him that if he does not file an amended complaint by the deadline, this case will be dismissed without further notice.

SO ORDERED on December 13, 2011.

                                                     s/ Theresa L. Springmann
                                                    THERESA L. SPRINGMANN
                                                    UNITED STATES DISTRICT COURT